UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| PRECIOUS R. WATERS, | CV 14-4019-SH |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

I. PROCEEDINGS

Plaintiff applied for SSI Benefits on October 4, 2001, alleging disability due to depression, headaches and memory loss. A hearing before an ALJ was held in June 2013, which resulted in a denial of the Application. The Appeals Council denied review on March 27, 2014. This Action followed. The parties have consented to the jurisdiction of the magistrate judge. The parties have filed their briefs, and defendant has filed the Administrative Record. First the reasons discussed below, the Decision of the Commissioner is reversed and remanded for further proceedings.

## II. DISCUSSION

The sole issue raised is whether the ALJ properly rejected the opinions of treating psychiatrist Dr. Yacoub, who found that plaintiff had mentally disabling limitations. (A.R. 299-300, 317-18).

The ALJ concluded that Dr. Yacoub's evaluations (both performed in 2012) were overly restrictive, given plaintiff's positive response to psychotropic medication, improved concentration and good daily activities, including an ability to attend some college courses. (A.R. 20).

The ALJ specifically noted that by March, 2013 plaintiff still reported depressed mood, crying spells and a fear of "clowns". However, the ALJ found that she had ceased taking psychotropic medications due to losing insurance benefits. She was then re-started on medications. The ALJ concluded that with medication, "her symptoms steadily improved". The ALJ also found that by May, 2013 she reported doing better.

However, the court finds that the ALJ's stated reasons are not supported by a fair reading of the medical record. Lester v. Chater, 81 F. 3d 821 (9th Cir. 1995). A March 7, 2013 mental health assessment plaintiff reported depression and memory loss, and plaintiff was diagnosed with a Depressive Disorder (A.R. 341, 345).  A May 10, 2013 medical report indicated that plaintiff was "floridly psychotic", believing that "clowns" were "everywhere".  Her psychotropic medications were increased.(A.R. 336). At a May 24, 2013 evaluation, plaintiff was still experiencing hallucinations. She was "improving somewhat", but was continued on her medications.

Therefore, the ALJ's rejection of Dr. Yacoub's 2012 findings cannot be upheld, given the subsequent medical records of 2013. Moreover, the ALJ's reliance on "good daily activities", including taking some college classes, is insubstantial. As plaintiff's stepmother explained, those two courses consisted of art and physical education, and the plaintiff had difficulty remembering where her classes were, and required the accompaniment of her stepmother for half a semester. (A.R. 55).


Finally, the Commissioner seeks to have the court uphold the rejection of Dr. Yacoub's opinions because a reviewing psychiatrist, Dr. Rivera-Miya, concluded that plaintiff was able to perform unskilled work on a full-time basis with certain restrictions. The problems with this argument are 1) Dr. Rivera-Miya's report was conducted in March 2012, a full year before the latest medical records in the Record; 2) the ALJ does not specifically state that he (in part) rejects Dr. Yacoub's treating opinions because of Dr. Rivera-Maya's opinions. The court may only consider the reasons articulated by the ALJ.

### III. CONCLUSION

For the foregoing reasons, the Decision of the Commissioner is reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. Sec. 405 (g).

DATED: February 26, 2015

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE